FERGUSON, Judge.
Although under standards laid down by In re Estate of Carpenter, 253 So.2d 697 (Fla.1971), the facts were such as to give rise to a presumption of undue influence in the making of the will of an 83-year-old man, other circumstances sufficiently dispelled any suspicion of overreaching on the part of the corporate beneficiary. See In re Estate of McCaslin, 222 Or. 599, 352 P.2d 1111 (1960) (record must be examined in its entirety to determine the existence of sufficient evidence to dispel suspicion of undue influence which arose when attorney for sole beneficiary prepared testator’s will). Among those facts were the following: (1) the sole beneficiary under the will was a charitable corporation; (2) the will was prepared by an attorney who was the regional president of the corporation and whose practice was located in the same building as the corporation; (3) all the witnesses to the will were officers or agents of the corporate beneficiary; (4) the co-executors of the will were the presidents of the local and regional offices of the corporation; (5) the original of the will was kept by the corporation subsequent to its execution; (6) no corporate officer or agent had any recollection whatever of the decedent or the circumstances of the making of the will; and (7) the attorney who prepared the will believed that he did not charge a fee.
The evidence which dispelled the presumption included the testimony of an officer of the corporation to the effect that its customary practice is to avoid soliciting any prospective donor to name the corporation as beneficiary under a will and to simply make known its existence and good purpose. See In re Estate of Gay, 201 So.2d 807 (Fla. 4th DCA 1967); In re Estate of McCaslin (conduct of officer of beneficiary who prepared will was above reproach). Further, the attorney testified that he had never seen the testator prior to his preparation of the will, and the other co-executor testified that he did not know that he was named to that position until after the testator’s death when the will was discovered in a safe deposit box. Appellees properly rely upon another factor which, along with the other evidence, contributed to a dispelling of the presumption — the lapse of seven years between the date of execution of the will and the decedent’s death, during which time he could have changed the will.- See In re Estate of McCaslin, 352 P.2d at 1117; cf. In re Hettermann’s Estate, 48 Cal.App.2d 263, 119 P.2d 788, 794 (1941) (passage of time not necessarily enough to overcome presumption where there are numerous factors giving rise to the presumption of undue influence and where jury may have thought that influence persisted during that time).
Affirmed.
HUBBART, J., concurs.